# EXHIBIT
# B

 **CT Corporation**

**TO:** Lauren Lipson, Associate General Counsel
Seamless North America, LLC
1065 Avenue of the Americas Fl 15
New York, NY 10018-0697

**RE:** **Process Served in Delaware**

**FOR:** GrubHub Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | VICTORIA FLORES, etc., Pltf. vs. GRUBHUB INC., etc., Dft. |
| **DOCUMENT(S) SERVED:** | Letter, Summons, Complaint |
| **COURT/AGENCY:** | COOK COUNTY - CIRCUIT COURT - CHANCERY DIVISION, IL<br>Case # 2016CH04576 |
| **NATURE OF ACTION:** | Plaintiff seeking relief for the damages sustained by the defendant |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Trust Company, Wilmington, DE |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 04/11/2016 at 14:44 |
| **JURISDICTION SERVED :** | Delaware |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service of this summons, not counting the day of service |
| **ATTORNEY(S) / SENDER(S):** | Courtney C. Booth<br>EDELSON PC<br>350 North LaSalle Street, 13th Floor<br>Chicago, IL 60654<br>312.589.6370 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  Fed Ex 2 Day , 782814603676<br><br>Image SOP<br><br>Email Notification,  Lauren Lipson  llipson@grubhub.com |
| **SIGNED:** | The Corporation Trust Company |
| **ADDRESS:** | 1209 N Orange St<br>Wilmington, DE 19801-1120 |
| **TELEPHONE:** | 302-658-7581 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**Edelson PC**

350 North LaSalle Street, 13th Floor, Chicago, Illinois 60654
t 312.589.6370 | f 312.589.6378 | www.edelson.com

April 8, 2016

<u>VIA PROCESS SERVER</u>

Grubhub Inc.
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, Delaware 19801

> Re:  *Flores v. Grubhub Inc.*, No. 2016-CH-04576 (Ill. Cir. Ct.)
> <u>Preservation, Discovery, and Production</u>

To Whom It May Concern:

I write to provide notice to Grubhub Inc. of its instant and continuing duty to preserve all documents, records, data, information, and other tangible evidence that are relevant to or which may lead to the discovery of information relevant to the subject matter of the above-referenced matter. This duty applies to this case as well as to all existing or future additional related actions that may be commenced, and extends to Grubhub Inc., as well as its agents, affiliates, independent contractors, and others acting on their behalf (collectively referred to in the singular as "Grubhub"), to the extent those individuals or entities have any such information within their possession, custody or control.

In particular, Plaintiff intends to seek the production of relevant, non-privileged information, including documents, correspondence, and other electronically stored information ("ESI") relating to, among other things: (i) the manner in which the unwanted and unauthorized text message calls at issue were made to Plaintiff and members of the putative Class; (ii) the total number of individuals who received the unwanted and unauthorized text message calls at issue; (iii) call detail records showing the dates and times of such text message calls, the originating and terminating telephone numbers that placed and received such text message calls, and any other information related to such text message calls; (iv) the manner in which Plaintiff and the putative Class members consented to receive such unauthorized text messages; (v) written policies, training materials, and other materials related to compliance with the Telephone Consumer Protection Act, 47 U.S.C. § 227; and (vi) any contracts, agreements, or other written understandings related to the unwanted and unsolicited text message calls at issue.

Plaintiff intends to seek the above-described information in its native electronic format. Thus, absent agreement by the Parties, copying, preserving, or otherwise converting any digital evidence or information to .tiff files or other non-native formats will *not* be considered compliant with this notice, irrespective of whether such production is in

Date Served: 4\11\16

Time Served: 244~

DN

connection with Plaintiff's anticipated written discovery requests.[1] Additionally, Grubhub has a continuing duty to suspend all routine data retention policies and other processes or practices to the extent they involve the destruction of any evidence that is or is likely to be considered relevant in this matter, and should have already done so. We also remind Grubhub of its continuing obligation to preserve evidence that may come into existence after the date of this letter, or which may exist now or in the future, but of which it has no current knowledge.

Finally and in light of the foregoing, we propose that the Parties schedule a conference between counsel and any other necessary persons to address the nature and context of ESI discovery in this matter. In an effort to facilitate the Parties' discussions, we may have present and participating at any such conference our technology expert(s) and propose that Grubhub does the same. During the conference, we intend to discuss the nature, form, and format for the production of ESI by Grubhub in response to Plaintiff's anticipated written discovery requests. Our objective in proceeding in this manner is to reach agreement on a stipulated ESI discovery protocol, which will minimize the potential for misinterpretation of discovery requests, deficient discovery responses and discovery-related motion practice. At the conference and in addition to the issues outlined above, we intend to raise and will be prepared to discuss the following non-exhaustive list of topics:

a. Agreement as to general discovery-related definitions to be used by the Parties;

b. Identification of individuals, including any non-party or third-party individuals, who can testify to ESI-related issues, including network and computing infrastructure, electronic records management and retention, and sources of potentially relevant ESI;

c. Identification of all data storage, whether connected or not connected to Grubhub's network mapping that may be a source of relevant ESI;

d. Grubhub's policies for managing the system(s) that generate and store ESI. Examples include, but are not limited to, back-up and business continuity policies, data retention policies, as well as internally and externally prepared audit reports documenting adherence to these policies;

e. The necessity for restoration of previously deleted data and information;

f. Determining whether back-up and archive information is within the scope of discovery;

g. Grubhub's data protection policies and methodologies, such as continuous data protection, database snapshot or other rollback technologies;

---

[1]    To be clear, we're willing to discuss (and receive) alternative forms of production for the sake of efficiency. Nevertheless, Grubhub should preserve all relevant and discoverable information and documents in their native data format in the event that production in that form is ultimately necessary. Regardless of form, Plaintiff reserves the right to seek the production of discoverable information in its native format.

h. Existing and continuing necessity for ESI preservation;

i. Existing and future necessity for forensic evidence collection, preservation orders, and other extraordinary ESI preservation activities;

j. ESI search terms, search protocols, sampling, and error testing;

k. Nature, form, and format of ESI production;

l. Production (where applicable) of structured data, including search queries;

m. Nature, form, and format of initial disclosures of ESI;

n. Description of the processes of production;

o. Production schedule and costs;

p. Privilege log format, timing, and privileged document metadata;

q. Clawback issues; and

r. Documenting efforts to reach an accord regarding ESI and general discovery disputes.

Of course, if there are any additional discovery-related matters you would like to discuss, we would certainly be willing to do so. If, however, you are unwilling to engage in such discussions or otherwise disagree with this proposal, please let us know as soon as possible, so that we may bring the Parties' respective positions to the attention of the Court at the appropriate time. If you are willing to engage in the discussions outlined above, please let me know when you and your technology expert(s) (if any) are available to do so.

We look forward to working with you to expedite the discovery process in this matter and more generally.

Best regards,

Edelson PC

Courtney C. Booth

| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| Summons - Alias Summons | |

(12/31/15) CCG N001

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

VICTORIA FLORES, individually and on behalf of all others similarly situated,

(Name all parties)

v.

GRUBHUB INC.,

No. 2016CH04576
CALENDAR/ROOM 05
TIME 00:00
Class Action

## ⊙ SUMMONS ○ ALIAS SUMMONS

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room __802__ _____, Chicago, Illinois 60602

☐ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

☐ District 3 - Rolling Meadows
2121 Euclid 1500
Rolling Meadows, IL 60008

☐ District 4 - Maywood
Maybrook Ave.
Maywood, IL 60153

☐ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60428

☐ Child Support: 50 W.
Washington, LL-01,
Chicago, IL 60602

You must file within 30 days after service of this Summons, not counting the day of service.

IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the Officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

☑ Atty. No.: __44146__

Name: Edelson PC

Atty. for: Plaintiff Flores and the putative Class

Address: 350 North LaSalle Street, 13th Floor

City/State/Zip Code: Chicago, Illinois 60654

Telephone: 312.589.6370

Primary Email Address:
cbooth@edelson.com

Secondary Email Address(es):

_____

Witness: ___ DOROTHY BROWN MAR 3 1 2016 ___

DOROTHY BROWN, Clerk of Court

Date of Service: _____
(To be inserted by officer on copy left with Defendant or other person)

**Service by Facsimile Transmission will be accepted at:

_____
(Area Code)    (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Page 1 of 1

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

| | |
|---|---|
| VICTORIA FLORES, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>GRUBHUB INC., a Delaware corporation,<br><br>    Defendant. | Case No.<br><br>2016CH04576<br>CALENDAR/ROOM 05<br>TIME 00:00<br>Class Action |

DOROTHY BROWN  CIRCUIT COURT OF COOK COUNTY, ILLINOIS CHANCERY DIV  2016 MAR 31 PM 2:48  FILED-1  CLERK

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Victoria Flores brings this Class Action Complaint and Demand for Jury Trial against Defendant Grubhub Inc. to stop its practice of sending unauthorized and unwanted text message advertisements to the cellular telephones of consumers nationwide and to obtain redress for all persons injured by its conduct. Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

### NATURE OF THE ACTION

1.    Defendant Grubhub operates an online platform that allows consumers to order food from more than 40,000 restaurants in more than 1,000 cities throughout the world. While Grubhub is best known to consumers for its online takeout service, it's also one of the largest restaurant advertising and marketing companies in the United States.

2.    In an attempt to maximize its advertising revenue, Grubhub made (and continues to make) unauthorized text message calls to consumers' cellular telephones advertising its restaurant partners. Grubhub did not obtain prior express consent from its customers to make such text message calls and, therefore, violated the Telephone Consumer Protection Act, 47

1

U.S.C. § 227 ("TCPA"), and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, *et seq.* ("ICFA").

3. The TCPA was enacted to protect consumers from unauthorized and unwanted calls, exactly like those alleged in this case. Grubhub made these text message calls despite the fact that neither Plaintiff nor the other members of a putative Class of consumers (defined below) provided Grubhub with their prior express consent to receive such text message advertisements. Similarly, the ICFA was enacted to protect Illinois consumers from unfair and unlawful methods of competition, such as unwanted and unlawful text message advertisements calls made in violation of the TCPA.

4. By making the text message calls at issue, Grubhub has violated the privacy and statutory rights of Plaintiff and the Class and caused them to suffer actual harm, not only by subjecting them to the aggravation that necessarily accompanies the receipt of unauthorized text message calls, but also because consumers frequently have to pay their wireless providers for the receipt of such unauthorized text messages.

5. In response to Grubhub's unlawful conduct, Plaintiff files the instant lawsuit and seeks an injunction requiring Grubhub to cease all unauthorized text messaging activities, as well as an award of actual and statutory damages to the members of the Class, together with costs and reasonable attorneys' fees.

**PARTIES**

6. Plaintiff Victoria Flores is a natural person and citizen of the State of Illinois.

7. Defendant Grubhub Inc. is a corporation existing under the laws of the State of Delaware with its principal place of business located at 111 West Washington Street, Suite 2100, Chicago, Illinois 60602. Grubhub conducts business throughout this County, the State of Illinois,

and the United States.

## JURISDICTION AND VENUE

8.     This Court has jurisdiction over Grubhub pursuant to 735 ILCS 5/2-209 because it conducts business transactions in Illinois, has committed tortious acts in Illinois, and is headquartered in Illinois. Additionally, this Court has jurisdiction over Plaintiff because she is a resident of the State of Illinois.

9.     Venue is proper in Cook County because Grubhub conducts significant amounts of business transactions within Cook County, is headquartered in Cook County, and because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from Cook County.

## COMMON FACTUAL ALLEGATIONS

10.     Grubhub is not just an online restaurant ordering service, it is also a major advertising company that claims to connect hundreds of thousands of consumers to thousands of restaurants each day. In its marketing materials, Grubhub promises potential advertising partners (i.e., restaurants) that it'll use its national brand to promote their local one and expose them to hundreds of thousands of hungry consumers.

11.     One way that Grubhub exposes its partners to consumers is by sending text message advertisements to it customers' cellular telephones after they order food encouraging them to solicit others to try their restaurants.

12.     Unfortunately, Grubhub hides from its customers that it collects their numbers so it can, among other things, bombard their cell phones with unwanted text message advertisements. In fact, nowhere during the current sign up and ordering processes, does Grubhub properly disclose that it'll send text messages to its customers at all.

3

13.     Specifically, when a consumer first visits Grubhub's website (www.grubhub.com) to order food, Grubhub requires them to create an account by providing their name, email address, and a password. (*See* Figure 1, showing a screenshot of the sign up page on Grubhub's website.)



**(Fig. 1.)**

14.     After creating an account and selecting food to order, Grubhub redirects the customer to a checkout page where they're instructed to confirm their name and email address, provide their cellular telephone number (which is required to use its service), and then submit their payment information. (*See* Figures 2–3 on the following page, showing screenshots of the checkout pages on Grubhub's website.) After providing the requested information, Grubhub then

4

encourages the consumer to "Place [Their] Order." (*See* Figure 3.)



**(Fig. 2.)**



**(Fig. 3.)**

15.     Nowhere during this process does Grubhub require its customers to agree to (or even mention) any terms and conditions, nor does it otherwise disclose that by providing their cellular telephone number (which, again, is required to use its service) it will bombard their phones with text messages.

16.     Nonetheless, once Grubhub captures a customer's telephone number and he or she completes an order, Grubhub begins to send a barrage of text messages to their cellular telephones. For instance, immediately after placing an order, Grubhub will send a series of text messages to its customers' phones, such as:

> Your GrubHub order is on the way
> and should be delivered between 8:50 PM and 9:00 PM, according to
> a crystal ball we deep fried.
>
> *               *               *
>
> Hey this is Grubhub! [Name of restaurant] is
> making your order right now. If we had to guess how soon you'll be
> eating, we would guess "pretty
> soon!"
>
> *               *               *
>
> A Driver is Headed Your Way With
> Food: A Story of Dreams Coming
> True

17.     After the customer receives their order, Grubhub will continue to send them unwanted text messages (often a day later) advertising its restaurant partners, including messages like:

> GrubHub here! Tell your neighbors
> about [name of restaurant.] Reply STOP to stop
> these texts. Was your delivery on time? (Yes/No)

18.     Not surprisingly, these practices have led to significant complaints from consumers, such as the following examples published on the Internet:

6

- I will NEVER use @GrubHub again. Just rvcd a "delivery survey" text, at 1:31am! Woke me out of a sound sleep. WOW[1]

- I started getting text messages from GH every time I order. That costs me money and I never signed up for that. Asked them to stop and they said I had to request it via a text reply. Well, I never signed up for so I shouldn't have to ask to be removed. No more GH orders from me which sucks because I use them pretty much every day. Goodbye GH.[2]

- I should have never gotten a [text message from Grubhub] in the first place since I never gave my consent to get them. [I]f [i]t's not something GH can rectify on their end then all I have to do is never order from GH again and I won't get any more. The onus should not be on your customers to stop you from unsolicited text messages, it should be on GH to respect their customers enough to not send them in the first place.[3]

- I completely agree. grubHub doesn't protect nor respect their customer privacy with this text massage tyrany. I should be notified and consent to be barraged by texts from a service I use. Then the[r]e is no easy way to[] keep the messages from coming. I texted stop and they still kept coming. Grrrr.[4]

19.    Grubhub was aware that it was sending unauthorized text message advertisements to Plaintiff and other consumers without their prior express written consent.[5]

20.    These text messages constitute commercial advertising and telemarketing as contemplated by the TCPA.[6]

---

[1]    Sage Bergman (@SageBergman), TWITTER (Feb. 10, 2016, 10:47 PM), https://twitter.com/SageBergman/status/697673394792304640.

[2]    Rod Glaze, FACEBOOK (May 3, 2013), https://www.facebook.com/grubhub/posts/10151553745879654.

[3]    Id.

[4]    Kipp Rhoads, FACEBOOK (December 8, 2014, 8:00 PM), https://www.facebook.com/grubhub/posts/10151553745879654.

[5]    See supra notes 1–4; see also Grubhub FACEBOOK (May 3, 2013, 3:30 p.m.), https://www.facebook.com/grubhub/posts/10151553745879654 ("Hey Rod. Sorry for the text messages. We know it's not convenient when you are being charged per text, but all you have to do is reply STOP to one and you won't get any more.").

[6]    An advertisement is defined as "any material advertising the commercial availability or quality of any property, goods, or services." 47 CFR § 64.1200(f)(1). Telemarketing is defined as "the initiation of a telephone call or message for the purpose of encouraging the purchase or

21. These text message advertisements are particularly beneficial to Grubhub's third-party advertising partners because they provide targeted access to interested consumers.

22. As shown above, Grubhub does not properly disclose to its customers that merely signing up for its service and ordering food will result in Grubhub's transmission of text message advertisements to their cellular telephones, and it certainly does not obtain prior express consent to send such messages. The text message advertisements are not informational and are sent purely for commercial purposes and the purpose of generating advertising revenue for Grubhub.

23. Grubhub made the same (or substantially the same) text message advertising calls *en masse* to thousands of cellular telephone numbers.

24. Grubhub made these text message calls to Plaintiff and putative Class members using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers. The system(s) also had the capacity to send text messages to cellular phones without human intervention. The messages sent by Grubhub were automated, prewritten, and virtually identical each time they were sent.

25. Accordingly, Grubhub was required to obtain prior express written consent before sending the text messages advertisements to consumers' cell phones.

## PLAINTIFF FLORES'S EXPERIENCE

26. On February 26, 2016, Plaintiff Flores visited Grubhub's website (www.grubhub.com) seeking to order food online.

27. In order to place her order, Plaintiff had to register for an account with Grubhub by providing her full name and email address and otherwise completing the process described in Paragraph 13 and depicted in Figure 1 above. After selecting food to order, Grubhub then

---

rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 CFR § 64.1200(f)(12).

8

redirected Flores to a checkout page where she was instructed to confirm her name and email address, provide her cellular telephone number (which was required to complete her order), and then submit her payment information. (*See* Figures 2–3, above.)

28.     After completing her order, Grubhub immediately started sending a series of automated text messages to Flores's cellular phone, such as those described in Paragraph 16 above.

29.     Flores also received an additional unwanted text message advertisement from Grubhub —from the short code "32818", which is an abbreviated telephone number used by Grubhub and/or its agents to send bulk text messages—that was substantially similar to the message described in Paragraph 17.

30.     Plaintiff only provided her telephone number to Grubhub for purposes of ordering food (as it was required in order for her to complete her purchase). Plaintiff did not provide Grubhub with her express written consent for Grubhub to send automated text message advertisements to her cellular telephone.

31.     Grubhub's intrusive text messages adversely affected Plaintiff's right to privacy. Grubhub was and is aware that the above-described text message calls were being made on a widespread basis and that the text message calls were being made to consumers who had not consented to receive them.

## CLASS ACTION ALLEGATIONS

32.     **Class Definitions**: Plaintiff brings this action pursuant to 735 ILCS 5/2-801 on behalf of herself and a class and subclass of similarly situated individuals, defined as follows:

> **Class**: All persons in the United States who received one or more unauthorized text message from Grubhub Inc.

> **Illinois Subclass**: All members of the Class who reside in the State of Illinois.

The following people are excluded from the Class and Illinois Subclass (collectively the "Class," unless otherwise indicated): (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

33. **Numerosity**: The exact size of the Class is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Grubhub has sent unauthorized text message advertisements to thousands of consumers who fall into the definition of the Class. Members of the Class can be easily identified through Defendant's own records.

34. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to, the following:

**The Class**:

    (a)    whether Grubhub's conduct violated the TCPA;

    (b)    whether Grubhub made the unwanted text message advertisement calls using an ATDS;

(c)     whether Grubhub systematically sent the unwanted text message advertisements to persons who did not previously provide it with prior express consent to receive such text message calls; and

(d)     whether Plaintiff and the members of the Class are entitled to treble damages based on the willfulness of Grubhub's conduct.

**The Illinois Subclass**:

(a)     whether Grubhub systematically sent the unwanted text message advertisements to persons who did not previously provide it with prior express consent to receive such text message calls;

(b)     whether Grubhub's conduct was unfair or unlawful under the ICFA; and

(c)     whether Plaintiff and the members of the Illinois Subclass are entitled to actual damages, attorneys' fees, and costs.

35.     **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in complex class actions. Plaintiff has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff.

36.     **Appropriateness:** This class action is appropriate for certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy and because joinder of all members of the Class is impracticable. The damages suffered by the individual members of the Class are likely to have been small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's wrongful conduct. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members

of the Class could sustain such individual litigation, it would not be preferable to a class action because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

### FIRST CAUSE OF ACTION
### Violation of 47 U.S.C. § 227
### (On behalf of Plaintiff and the Class)

37.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

38.     As described in detail above, Grubhub made unauthorized and unwanted text message calls to Plaintiff's and the Class's cellular telephones without their prior express consent.

39.     Grubhub made unauthorized commercial text message calls to the cellular telephone numbers of Plaintiff and the Class using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and/or receive and store lists of phone numbers, and to dial such numbers *en masse*.

40.     Grubhub utilized equipment that made the text message calls to Plaintiff and other members of the putative Class simultaneously and without human intervention.

41.     By making unwanted and unauthorized text message calls to Plaintiff's and Class members' cellular telephones without prior express consent and utilizing an ATDS, Grubhub violated 47 U.S.C. § 227(b)(1)(A)(iii).

42.     As a result of Grubhub's unlawful conduct, Plaintiff and the members of the putative Class suffered actual damages and have also had their rights to privacy adversely

impacted. Plaintiff and the Class are therefore entitled to, among other things, a minimum of $500 in statutory damages for each such violation under 47 U.S.C. § 227(b)(3)(B).

43.     Because Grubhub's misconduct was willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(b)(3), treble the amount of statutory damages recoverable by the Plaintiff and the other members of the putative Class.

44.     Additionally, as a result of Grubhub's unlawful conduct, Plaintiff and the other members of the Class are entitled to an injunction under 47 U.S.C. § 227(b)(3)(A) to ensure that Grubhub's violations of the TCPA do not continue into the future.

## SECOND CAUSE OF ACTION
### Violation of 815 ILCS 505/1, *et seq.*
### (On behalf of Plaintiff and the Illinois Subclass)

45.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

46.     The ICFA prohibits unlawful, unfair, or fraudulent business acts or practices.

47.     Plaintiff and the members of the Illinois Subclass are "persons" under the ICFA. 815 ILCS 505/1(c).

48.     Grubhub is a business entity or association that operates both an online food ordering service and an advertising business and, as such, is a "person" engaged in "trade" and "commerce" under the ICFA. 815 ILCS 505/1(c).

49.     Grubhub engaged in unfair acts and practices in violation of 815 ILCS 505/2 by sending (or having sent on its behalf) unwanted and unauthorized text message advertisements to Plaintiff and the members of the Illinois Subclass. In particular, Grubhub's text messaging practices are unfair business practices because they are contrary to public policy, are oppressive, and cause substantial injury to the call recipients.

50. Grubhub's unwanted text message advertisements are contrary to public policy because they are unlawful under the TCPA, as described in the First Cause of Action above.

51. As a result of Grubhub's conduct, Plaintiff and each Illinois Subclass member suffered damages in the forms of the cost associated with receiving the unwanted text message calls, the diminished value and utility of their telephone equipment and telephone subscription services (i.e., the value of such equipment and services is higher when unencumbered by repeated and unwanted text message advertisements), the wear and tear caused to their telephone equipment, the loss of battery charge (which becomes diminished with each incoming text message), the loss of battery life (which has a finite number of charging cycles), and the per-kilowatt electricity costs required to recharge their cellular phones as a result of such text messages. While the economic damages to Plaintiff and each individual member of the Illinois Subclass may be small, their aggregate injuries are substantial.

52. In addition, Grubhub's unlawful and unfair text message advertising gave it an unfair competitive advantage over businesses that advertise lawfully (i.e., those who only call or send text message advertisements with consent and as authorized).

53. Grubhub's unlawful and unfair business practices occurred during the course of trade or commerce, were material, and were a direct cause of the injuries suffered by Plaintiff and the members of the Illinois Subclass.

54. Grubhub's unfair and unlawful conduct is not outweighed by any countervailing benefits to consumers.

55. Plaintiff seeks an order: (i) permanently enjoining Grubhub from continuing to engage in the unfair conduct described here; (ii) requiring Grubhub to pay actual and compensatory damages; and (iii) requiring Grubhub to pay interest, attorneys' fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Victoria Flores, individually and on behalf of the Class, prays for the following relief:

A.      An order certifying the Class as defined above, appointing Plaintiff Flores as representative of the Class, and appointing her counsel as Class Counsel;

B.      An order declaring that Defendant's actions, as set out above, violate the TCPA and ICFA;

C.      A declaratory judgment that Defendant's telephone calling equipment constitutes an automated telephone dialing system under the TCPA;

D.      An injunction requiring Defendant to cease all unauthorized and unlawful uses of automated or computerized telephone calling equipment;

E.      An order requiring Defendant to disgorge any ill-gotten funds acquired as a result of its unlawful telephone calling practices;

F.      An order requiring Defendant to permanently cease-and-desist from all unlawful conduct as alleged herein and otherwise protecting the interests of the Class;

G.      An award of actual and statutory damages;

H.      An award of reasonable attorneys' fees and costs; and

I.      Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully submitted,

**VICTORIA FLORES**, individually and on
behalf of all others similarly situated,

Dated: March 31, 2016

By: _Courtney C Booth_
One of Plaintiff's Attorneys

Jay Edelson
jedelson@edelson.com
Benjamin H. Richman
brichman@edelson.com
Courtney C. Booth
cbooth@edelson.com
EDELSON PC
350 North LaSalle Street, 13th Floor
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378
Firm ID: 44146