**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| VICTORIA FLORES, individually and on behalf of all others similarly situated,<br><br>                Plaintiff,<br><br>    v.<br><br>GRUBHUB INC., a Delaware corporation,<br><br>                Defendant. | Case No. 1:16-cv-05105<br><br>Honorable Sharon Johnson Coleman |

**PLAINTIFF'S NOTICE OF DISMISSAL WITHOUT PREJUDICE
PURSUANT TO FED. R. CIV. P. 41(a)(1)(A)(i)**

Plaintiff Victoria Flores ("Plaintiff"), by and through her undersigned counsel, hereby gives notice that Plaintiff's claims and those of the putative classes she seeks to represent shall be dismissed, *without prejudice*, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). In support of this Notice of Dismissal, Plaintiff states as follows:

On March 31, 2016, Plaintiff filed her class action complaint in the Circuit Court of Cook County, Illinois, for Defendant GrubHub, Inc.'s ("Defendant's") alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"), and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, *et seq*. ("ICFA")*,* on behalf of a class consisting of all persons who allegedly received one or more unauthorized text messages from Defendant (the "Class") and a subclass of all members of the Class who reside in Illinois (the "Subclass"). *See Flores v. Grubhub, Inc.*, No. 16 CH 04576.

Defendant later removed the action to the Northern District of Illinois on May 10, 2016. (Dkt. 1.) As previously reported to the Court, the parties engaged in several months of settlement negotiations, including recently participating in a formal mediation with the Honorable Stuart E.

Palmer (Ret.) of JAMS (Chicago). Ultimately, with Judge Palmer's assistance, the parties reached a proposed settlement in principle of this case on a class-wide basis and have executed a Binding Term Sheet to that effect.

The parties' settlement provides that the instant action should be dismissed without prejudice, the case re-filed in the Circuit Court of Cook County, Illinois, and the settlement effectuated through that court. Given the nature of the case (i.e., one seeking statutory damages stemming from Defendant's alleged violations of the TCPA, along with state-based relief), and in light of the potential implications of the United States Supreme Court's ruling in *Spokeo, Inc. v. Thomas Robins*, No. 13-1339, on the federal court's subject matter jurisdiction over this matter, the parties have agreed the settlement should be effectuated through the Circuit Court of Cook County, Illinois, where the case was originally filed and where the settlement process can proceed without interruption.

Based on the foregoing, the most appropriate course is to dismiss the case without prejudice to its re-filing in the Circuit Court of Cook County, Illinois, to immediately re-file the action in that court, and to move that court for preliminary approval of the proposed settlement. Accordingly, Plaintiff hereby notifies the Court that her claims and those of the putative Class and Subclass shall be dismissed, *without prejudice*. See Fed. R. Civ. P. 41(a)(1)(A)(i) (allowing a plaintiff to "dismiss an action without a court order by filing…a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment").

>                               Respectfully submitted,
>
>                               **VICTORIA FLORES**, individually and on
>                               behalf of all others similarly situated,

Dated: September 15, 2016                By: /s/ Benjamin H. Richman
                                             One of Plaintiff's Attorneys

Benjamin H. Richman
brichman@edelson.com
Courtney C. Booth
cbooth@edelson.com
EDELSON PC
350 North LaSalle Street, 13th Floor
Chicago, Illinois
Tel: 312.589.6370
Fax: 312.589.6378

## CERTIFICATE OF SERVICE

       I, Benjamin H. Richman, an attorney, hereby certify that on September 15, 2016, I caused to be served the above and foregoing ***Notice of Dismissal without Prejudice Pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i)*** by causing a true and accurate copy of such paper to be filed and transmitted on all counsel of record via the court's CM/ECF electronic filing system, on this the 15th day of September 2016.

                                              /s/ Benjamin H. Richman